# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 2:09-cr-116

JERRY LYNN ARTRIP,

        Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments. Pursuant to a Standing Order entered on October 7, 2011, this case was designated for Standard consideration.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, as well as any materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Defendant's original Presentence Investigation Report attributed to him 53.0 grams of cocaine base. The Court determined that his original offense conduct resulted in a base offense level

of 30. The Defendant received a three-level reduction for acceptance of responsibility, no other enhancements or reductions were applied. Given a total offense level of twenty-seven (27) and a Criminal History Category IV, Defendant's advisory Guideline range was 100-125. The sentencing court departed downward and imposed a variance sentence of seventy-six (76) months.

Applying the 2011 amendments to the Guidelines, Defendant's base offense level would be reduced to twenty-six (26), while his total offense level would be reduced to twenty-three (23), after applying a three-level reduction for acceptance of responsibility. Given a total offense level of twenty-three (23) and a Criminal History Category of IV, the Defendant's revised advisory Guideline range would be 70 to 87 months.

During his period of incarceration, the Court observes that Defendant has had no disciplinary incidents. He has completed his inmate financial responsibility program, the 40-Hour drug education program offered by the Bureau of Prison, and complied with DNA collection requirements. The Court has reviewed Defendant's PSI and notes that Defendant: reports suffering significant physical abuse as a child, has an extensive criminal history which began in 1972, suffers from mental illness, has a substantial substance abuse history with addictions to alcohol and crack cocaine, and, despite having a bachelor's degree in business administration, has a work history that only includes short-term and temporary jobs. The Court further observes that, prior to his conviction for the instant offense, Defendant had no other drug convictions and was employed through a temporary job agency, and that the instant offense did not involve firearms or the use or threat of violence.

The assigned Probation Officer has reviewed Defendant's original sentence and the revised advisory sentencing guideline range that results from the retroactive application of the November 1, 2010 amendments. The position of the Probation Officer is that the Defendant is not eligible for

a sentence reduction because his original sentence of seventy-six (76) months of imprisonment is within the revised advisory guideline range, and a recommendation that no reduction be granted is made by the Officer. By its written and filed response, the United States agrees with the Probation Officer. However, the Defendant objects to the Probation Officer's recommendation, and asserts that he is eligible for the reduction. Defendant contends that "the district court's variance limits the relief [he] may receive in a §3582(c)(2) proceeding, but it does not preclude him from receiving the benefit." (Memorandum of Defendant (Document 37) at 2)(citing Commentary designated as an application note, U.S.S.G. §1B1.10, comment. (n.3)).

For the reasons offered by the Defendant and upon consideration of U.S.S.G. §1B1.10, the Court finds that he is eligible for a sentence reduction. Therefore, based on the foregoing considerations, the Court **ORDERS** that Defendant's base offense level be reduced by four (4) levels, resulting in a new total offense level of twenty-three (23). It is further **ORDERED** that Defendant's previous sentence be reduced to a period of seventy (70) months, with credit for time served to date. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

    ENTER:    January 26, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA